DELPRINTING CORPORATION v. C. P. D. CORPORATION

No. 8026SC339

(Filed 4 November 1980)

**Constitutional Law § 24.7; Process § 14.2– foreign corporation – in personam jurisdiction – minimum contacts – due process**

The courts of this State had *in personam* jurisdiction over defendant, an Illinois corporation, where defendant agreed to purchase the assets and take over the liabilities of the church pictorial directories division of an N.C. corporation; the corporation had contracted with plaintiff for the production of certain church directories; defendant agreed that it would pay plaintiff for its work in printing the directories; such conduct fell within that covered by G.S. 1-75.4(5)(a); other conduct by defendant, including the writing of five memoranda on defendant's stationery requesting that plaintiff ship books to churches in five different states, would give the courts of this State *in personam* jurisdiction over defendant; and defendant had sufficient minimum contacts with N.C. so that the exercise of *in personam* jurisdiction would not violate due process of law.

APPEAL by defendant from *Howell, Judge.* Order entered 20 December 1979 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 8 October 1980.

Plaintiff is a North Carolina corporation engaged in the printing business. Defendant is an Illinois corporation engaged in the business of publishing pictorial directories for churches. Defendant has excepted to and assigned as error certain findings of fact, conclusions of law and the order in which they are contained, denying defendant's motion to dismiss plaintiff's action against it for lack of personal jurisdiction.

*Lindsey, Schrimsher, Erwin, Bernhardt, Hewitt & Beddow, by Fenton T. Erwin Jr. and Timothy Griffin, for plaintiff appellee.*

*Bradley, Guthery, Turner & Curry, by Paul B. Guthery Jr., for defendant appellant.*

HILL, Judge.

We hold that Judge Howell was correct in denying defendant's motion. The court has personal jurisdiction over defendant.

The plaintiff North Carolina corporation claims that it and defendant Illinois corporation entered into a contract prior to 1 December 1974 whereby plaintiff agreed to perform work and services for defendant on a continuing basis. Plaintiff claims that it has performed the work and seeks recovery of close to $40,000 plus interest.

"[T]he test to determine if a corporation may be subjected to *in personam* jurisdiction in a foreign forum depends upon whether maintenance of the suit in the forum offends 'traditional notions of fair play and substantial justice.' " *Dillon v. Funding Corp.*, 291 N.C. 674, 678, 231 S.E. 2d 629 (1977), *citing International Shoe Co. v. Washington*, 326 U.S. at 316, 90 L.Ed. at 102, 66 S.Ct. at 158 (1945).

The first determination this Court must make is whether a North Carolina statute permits the courts of this State to entertain the action against defendant. *Dillon*, at p. 675. G.S. 1-75.4(5)(a) confers *in personam* jurisdiction in any action which:

> Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to perform services within this State or to pay for services to be performed in this State by the plaintiff;

The president of defendant C. P. D. Corporation, Kennie Turner, stated in an affidavit that his corporation was organized on 18 December 1974 under the laws of Illinois; that prior to the incorporation, at a meeting held on 13 December 1974, "certain individuals agreed to purchase the assets and take over the liabilities of the C. P. Directories Division of C. D. Stampley Enterprises, Inc." Stampley Enterprises was at that time a North Carolina corporation based in Charlotte and had contracted with plaintiff for the production of certain church pictorial directories. Turner goes on to affy that "[i]t was further agreed that C.P.D. Corporation upon its organization would pay Delprinting Corporation [plaintiff] for its work in printing these directories."

On 16 May 1975, plaintiff received a letter on C. P. D. Corporation stationery and signed by the president of C. P. D. The letter stated:

> Enclosed please find our check No. 2086 dated May 16, 1975, for the balance due on invoices per the attached list.
>
> Please have Mr. O'Dell [sic] take the necessary steps to see that *the agreement we signed with C. D. Stampley Enterprises, Inc.* is marked paid. Also . . . I would appreciate if you would have a copy of same delivered to Stampley and a copy sent to us. (Emphasis added.)

Upon examination of the "attached list," we find that, after the formation of defendant C. P. D., twenty checks were sent to plaintiff. The last check on the list is No. 2086. It is obvious that C. P. D. Corporation agreed with C. D. Stampley to pay its C. P. Directories Division's obligations to plaintiff. Such conduct falls within that covered by G.S. 1-75.4(5)(a).

Other conduct by C. P. D. Corporation would give the courts of this State *in personam* jurisdiction over C. P. D. in this action. We find five written memoranda on defendant's stationery requesting that plaintiff ship books to churches in five different states. The memoranda show a promise by defendant to pay plaintiff for shipping books from this State. Such conduct falls within that covered by G.S. 1-75.4(5).

The second determination this Court must make is whether the exercise of *in personam* jurisdiction by the courts of this jurisdiction pursuant to G.S. 1-75.4(5) would violate due process of law. We find no violation. The contacts with North Carolina that we have already set forth in this opinion constitute sufficient minimum contacts.

Defendant's argument that the trial court erred in making findings of fact and conclusions of law not supported by the record and in signing the order denying defendant's motion to dismiss for lack of personal jurisdiction is without merit.

The order of the trial court is

Affirmed.

Judges ARNOLD and ERWIN concur.