**FEDERAL INSURANCE COMPANY,**
Plaintiff,

v.

**PIPER AIRCRAFT CORPORATION,**
Defendant.

**Civ. No. 2965.**

United States District Court,
W. D. North Carolina,
Charlotte Division.

April 20, 1972.

E. Osborne Ayscue, Jr., Helms, Mulliss & Johnston, Charlotte, N. C., for plaintiff.

James B. Craighill, Craighill, Rendleman & Clarkson, Charlotte, N. C., for defendant.

## ORDER

McMILLAN, District Judge.

This suit arises out of the crash of a Piper aircraft on January 21, 1969, at an airport outside Wadesboro, North Carolina. The alleged cause of the crash was a defective air duct or hose from the engine air filter to the injector air inlet. The complaint alleges that the defendant defectively and negligently designed and manufactured the aircraft, and that the defendant expressly contracted, warranted and represented to plaintiff's insured that the aircraft was free from defects.

Presently before the court is defendant's motion to dismiss for lack of jurisdiction over the person of the defendant. Defendant, a Pennsylvania corporation not domesticated in North Carolina nor qualified to do business here, contends that North Carolina General Statutes, § 1–75.4, is not applicable, and that even if it is applicable it does not support jurisdiction on the facts of this case.

G.S. § 1–75.4 reads in pertinent part:

*"Personal jurisdiction, grounds for generally.*—A court of this State having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to Rule 4(j) of the Rules of Civil Procedure under any of the following circumstances:

\*    \*    \*    \*    \*    \*

"(4) Local Injury; Foreign Act.— In any action for wrongful death occurring within this State or in any action claiming injury to person or property within this State arising out of an act or omission outside this State by the defendant, provided in addition that at or about the time of the injury either:

a. Solicitation or services activities were carried on within this State by or on behalf of the defendant; or

b. Products, materials or thing processed, serviced or manufactured by the defendant were used or consumed within this State in the ordinary course of trade."

■ There are sufficient minimum contacts between defendant and the State of North Carolina to meet due process requirements and allow North Carolina to exercise jurisdiction over Piper. Among other ties, the court finds the following: (1) A large number of Piper aircraft are owned by North Carolina residents and operated in this area; (2) There are two authorized Piper distributors who regularly attempt to sell defendant's aircraft and products in North Carolina; (3) Piper has a distributorship agreement with Piedmont Piper Sales of Winston-Salem, North Carolina; (4) Authorized Piper dealers and service centers are located in this state; (5) Defendant must approve all applications for Piper Service Centers; (6) These service and flite centers are authorized to use the Piper name; and (7) These authorized service centers are furnished with a Dealer Service Operating Procedure Manual by defendant.

In addition to these contacts, (8) Piper regularly solicits business in national magazines which are circulated in North Carolina. (9) In these advertisements Piper refers to its strong network of local dealers, and requests prospective customers (e. g. from North Carolina) to write defendant directly for more information. Also (10) Piper delivers a written "Warranty Policy" to each new Piper purchaser, and furnishes the purchaser with a letter and Owner Service Agreement. (11) All registered owners in North Carolina are mailed Service Letters and Service Bulletins by defendant.

The cumulative result of Piper's activity is an established program in North Carolina of solicitation of customers, sales of Piper aircraft, and the provision of a network of authorized service facilities for local Piper owners. It does not seem unfair to require Piper to defend itself in this state, the site of the crash.

Defendant contends that the requirements of G.S. § 1–75.4(4) (a) and (b), quoted above, are not met. The facts lead to a conclusion that both (a) and (b) are met. The magazine advertisements clearly are solicitations "by or on behalf of" the defendant. Piper benefits directly from these advertisements, and even asks interested persons to write directly to the defendant for information. Piper service activities are also carried on in North Carolina. As to paragraph (b), it seems clear that Piper aircraft, many of which are operated in this state, are "used or consumed within this State in the ordinary course of trade." Therefore the terms of the statute apply against Piper and allow personal jurisdiction.

Finally, defendant contends that G.S. 1–75.4, with its effective date of January 1, 1970, cannot be applied retroactively to this crash which occurred on January 21, 1969. Defendant concedes that there is a split of authority on the question whether long-arm statutes can be applied retroactively, but contends its cited cases are better reasoned. However, it appears that each case cited to deny retroactive application is based on authority expressly prohibiting retroactivity. For example, defendant relies on Ravner v. Blank, 189 F.Supp. 471 (E.D. Pa.1960); but that result is dictated by a Pennsylvania statute which prohibits construing a law to be retroactive "unless clearly and manifestly so intended by the Legislature."

The general rule, according to 2 Moore's Federal Practice, § 4.41–1(3) at 1291.56, is that these statutes are held to apply retroactively to cases arising prior to their adoption, since they are remedial in character. This view was expressed in McGee v. International Life

Insurance Co., 355 U.S. 220, 224, 78 S. Ct. 199, 2 L.Ed.2d 223 (1957); in Diamond Crystal Salt Co. v. P. J. Ritter Co., 419 F.2d 147, 148 (1st Cir., 1969); and in Nelson v. Miller, 11 Ill.2d 378, 143 N.E.2d 673 (1957), to list a few of the cases supporting retroactivity.

In this circuit, Judge Dalton applied the Virginia long-arm statute retroactively in Etzler v. Dille & McGuire Mfg. Co., 249 F.Supp. 1 (W.D.Va.1965). Judge Dalton reasoned that as a general rule a party has no vested rights in matters of procedure and that in his opinion the "long-arm" statute was intended to be procedural in character. Therefore no reason existed to prevent applying the statute retroactively.

The North Carolina "long-arm" statute is similarly a procedural law which does not affect substantive rights. No express North Carolina authority is cited which would compel applying the statute prospectively only. Accordingly, this court is of the opinion that G.S. § 1–75.4 can properly be applied retroactively.

In conclusion, the statute applies retroactively to cover the claim for relief alleged in this case; the terms of the statute cover defendant's activity in this state; and no due process violation results in upholding personal jurisdiction over the defendant.

Defendant's motion to dismiss is denied.

This order involves a controlling question of law as to which there is substantial ground for difference of opinion, and an immediate appeal from the order may materially advance the ultimate termination of the litigation.