FIBER INDUSTRIES, INC. v. CORONET INDUSTRIES, INC.

No. 8218SC91

(Filed 7 December 1982)

**Constitutional Law § 24.6; Process § 14.3— personal jurisdiction over foreign corporation—substantial activity in this State—minimum contacts with this State**

Defendant foreign corporation was "engaged in substantial activity within this State" so as to give the courts of this State personal jurisdiction over it pursuant to G.S. 1-75.4(1)(d) in an action to recover for goods sold to defendant, and defendant had sufficient minimum contacts with this State so that the exercise of jurisdiction over it did not violate due process, where defendant has sold carpet to more than 140 customers in North Carolina during the past five years with total sales of more than $1 million in each of the five years; over the past five years defendant has purchased goods and services from more than 100 persons and companies in North Carolina; defendant has a resident sales representative in North Carolina who has about 50 accounts in this State; the sales representative receives promotional aids from defendant which are provided to North Carolina customers without charge; defendant keeps a WATS telephone number in Georgia for use by its customers in placing orders; defendant has provided cooperative advertising funds to its North Carolina customers; and defendant has bank accounts in North Carolina.

---

Fiber Industries v. Coronet Industries

---

APPEAL by defendant from *Seay, Judge.* Order entered 17 November 1981 in Superior Court, GUILFORD County. Heard in the Court of Appeals 16 November 1982.

This is a civil action instituted by plaintiff to collect $268,316.64 from defendant for nylon yarn which the plaintiff delivered to the defendant in 1980. Defendant counterclaimed for $236,420 alleging that plaintiff wrongfully discontinued the manufacture of certain carpet yarn utilized by the defendant in making carpet products. In its answer and counterclaim, the defendant also denied that it had sufficient contacts with North Carolina to allow jurisdiction over it by the North Carolina Courts and moved for dismissal of the action for lack of jurisdiction.

The affidavits, answers to interrogatories and exhibits reveal the following facts. The plaintiff is a Delaware corporation which manufactures and sells nylon staple and maintains its principal place of business in Charlotte, North Carolina. The defendant is a Delaware corporation with its principal place of business in Dalton, Georgia. Since 1975 defendant has purchased from plaintiff over $20 million worth of nylon staple. During the past five years defendant has sold carpet to more than 140 customers in North Carolina with total sales of more than $1,000,000 in each of the five years. Also, over the past five years, defendant has purchased goods and services from more than 100 persons and companies in North Carolina. Defendant has a resident sales representative in North Carolina who has about 50 accounts in North Carolina. The North Carolina sales representative receives promotional aids from the defendant which are provided to North Carolina customers without charge. Defendant's salesman solicits orders but exercises no control over corporate functions, nor does he supply any services to customers such as product installation, maintenance or technical assistance. Rather, the defendant company controls its sales representative in handling customer complaints and establishing customer credit. Defendant keeps a WATS telephone number in Georgia for use by its customers in placing orders, but it has never had a North Carolina telephone number, mailing address or office. Along with price lists and other promotional material, the defendant has provided cooperative advertising funds to its North Carolina customers. Finally, the defendant has bank accounts in North Carolina with Wachovia Bank and Trust Company.

The subject of this action is a contract for the sale of nylon staple by plaintiff to the defendant. Plaintiff offered to sell nylon staple, and defendant agreed to buy the product. The defendant sent an order from its Dalton, Georgia office, and plaintiff then sent an acknowledgment form from its Charlotte, North Carolina office. When the defendant refused to pay for its last order plaintiff brought this action. Upon the trial judge's denial of defendant's motion to dismiss for lack of personal jurisdiction, defendant appealed.

*Brooks, Pierce, McLendon, Humphrey & Leonard, by James T. Williams, Jr. and Kathrine A. McLendon for plaintiff, appellee.*

*Smith Moore Smith Schell & Hunter, by Alan W. Duncan for defendant, appellant.*

HEDRICK, Judge.

The defendant argues that the plaintiff must establish the statutory grounds for personal jurisdiction under G.S. § 55-145(a)(1) which reads in pertinent part:

> *Jurisdiction over foreign corporations not transacting business in this State.* — (a) Every foreign corporation shall be subject to suit in this State, whether or not such foreign corporation is transacting or has transacted business in this State and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: (1) Out of any contract made in this State or to be performed in this State;
>
> . . . .

The defendant contends this statute applies because of the provision for "Special Jurisdiction Statutes" in G.S. § 1-75.4(2). Defendant goes on to argue that the jurisdictional standard of G.S. § 55-145(a)(1) has not been established because the defendant has had insufficient contacts with North Carolina, the contract involved was not made or performed in North Carolina and there is no nexus between plaintiff's claim and the defendant's contacts with this state. The defendant also contends that the requirement of constitutional due process has not been met because it does not have the requisite "minimum contacts" with North Carolina "such that the maintenance of the suit does not offend 'traditional no-

tions of fair play and substantial justice.'" (Citations omitted.) *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

A two-part test controls the proper determination of personal jurisdiction. First, a statutory basis must exist for finding personal jurisdiction. Second, the exercise of personal jurisdiction must meet the requirements of constitutional due process. *Dillon v. Funding Corp.*, 291 N.C. 674, 675, 231 S.E. 2d 629, 630 (1977).

The applicable statutory provision of the North Carolina long-arm statute grants a court of this state jurisdiction

> [i]n any action, whether the claim arises within or without this State, in which a claim is asserted against a party who when service of process is made upon such party: . . . [i]s engaged in substantial activity within this State, whether such activity is wholly interstate, intrastate, or otherwise.

G.S. § 1-75.4(1). The statute which defendant argues controls the instant situation, G.S. § 55-145, is an *alternative* ground for finding jurisdiction. As stated in G.S. § 55-146.1,

> [i]n addition to the provisions set out in this Chapter, foreign corporations may be served with process and subjected to the jurisdiction of the courts of this State pursuant to applicable provisions of Chapter 1 and Chapter 1A of the General Statutes.

Therefore, we find that G.S. § 1-75.4(1)(d) controls the jurisdictional issue in this case, and under that provision the necessary determination is whether the defendant was "engaged in substantial activity within this State." G.S. § 1-75.4(1)(d) does not, by any of its terms, require a finding of a nexus between a plaintiff's claim and a defendant's contacts with the state, but applies to "any action" against a defendant "engaged in substantial activity" in North Carolina.

In our opinion, the facts of this case demonstrate "substantial activity" by the defendant in North Carolina. Over the past several years the defendant has purchased millions of dollars worth of yarn from the plaintiff in North Carolina, solicited orders for carpet through its sales representative who maintains 50 accounts, sold millions of dollars worth of carpet to over 140 customers, purchased goods and services from more than 100 in-

dividuals or companies, provided promotional aids to its salesman, maintained a WATS line for its customers' use in placing orders at its Georgia office and given cooperative advertising funds to some of its North Carolina customers.

We further find that these facts fulfill the requisites of constitutional due process under the second prong of the two-part jurisdictional test. The minimum contacts standard of *International Shoe* was later refined by the United States Supreme Court in *Hanson v. Denckla*, 357 U.S. 235, 253 (1958):

> [I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.

Our own Supreme Court recognized these principles in *Farmer v. Ferris*, 260 N.C. 619, 625, 133 S.E. 2d 492, 497 (1963):

> It seems, according to the most recent decisions of the United States Supreme Court, that the question cannot be answered by applying a mechanical formula or rule of thumb, but by ascertaining what is fair and reasonable and just in the circumstances. In the application of this flexible test, a relevant inquiry is whether defendant engaged in some act or conduct by which it may be said to have invoked the benefits and protections of the law of the forum.

*See also, Chadbourn, Inc. v. Katz*, 285 N.C. 700, 208 S.E. 2d 676 (1974).

Applying these statutory and constitutional standards, this court recently held the sufficient contacts requirements for due process were met where the defendant, a Saudia Arabian corporation, whose agents solicited job applications through newspaper advertisements, came to North Carolina to interview and hire employees and mailed letters offering employment to twenty-eight North Carolina residents at their homes. *Mabry v. Fuller-Shuwayer Co.*, 50 N.C. App. 245, 273 S.E. 2d 509 (1981) *appeal dismissed*, 302 N.C. 398, 279 S.E. 2d 352 (1981). Also, in *Parris v. Disposal, Inc.*, 40 N.C. App. 282, 253 S.E. 2d 29 (1979) *appeal dismissed*, 297 N.C. 455, 256 S.E. 2d 808 (1979), one of the facts noted by this court in finding sufficient minimal contacts was the defendant's listing in North Carolina telephone directories a toll

free number to call in Hartford, Connecticut in the event of an accident.

Similarly, in this case, although the defendant does not have any North Carolina telephone listings it does maintain a WATS line for use by its North Carolina customers in placing orders. More than that, however, the defendant has benefited from millions of dollars worth of sales over the past five years to numerous customers and has purchased millions of dollars worth of materials used in making its carpet from North Carolina industries. Despite having no offices, mailing address, or phone number, or owning or leasing real property in North Carolina, its contacts with this state can hardly be called *de minimus*. Therefore, we hold the defendant had sufficient contacts with this state to give our courts personal jurisdiction over it. Under these facts, by denying defendant's motion to dismiss for lack of jurisdiction, the trial judge did not violate any of the requirements of due process, fair play or substantial justice.

Affirmed.

Judges WEBB and BECTON concur.