SOLA BASIC INDUSTRIES, INC. D/B/A HEVI-DUTY ELECTRIC, A UNIT OF GENERAL SIGNAL CORPORATION v. PARKE COUNTY RURAL ELECTRIC MEMBERSHIP CORPORATION

No. 838SC1320

(Filed 16 October 1984)

**Constitutional Law § 24.7— jurisdiction over foreign corporation—insufficient contacts**

The exercise of jurisdiction by North Carolina over defendant, a foreign corporation, violates due process where a transformer was sold to defendant as a result of solicitation by plaintiff's agents in Indiana, where defendant is located; where there are no other contacts between defendant and North Carolina; where the transformer was moved to North Carolina for repairs and a contract entered into in North Carolina; where the contract does not require application of North Carolina law; and where nothing in the record indicates that defendant chose the repair location or that other locations were available. G.S. 1-75.4(5)a.

APPEAL by defendant from *Peel, Elbert S., Judge.* Order entered 12 September 1983 in WAYNE County Superior Court. Heard in the Court of Appeals 27 September 1984.

Plaintiff Hevi-Duty is a Wisconsin corporation with a plant in Goldsboro, North Carolina. Defendant Parke County Rural Electric Membership Corporation is an Indiana corporation, which serves only Indiana customers and purchases its electricity from other Indiana companies. Defendant purchased a large transformer from plaintiff in 1979, pursuant to a contract solicited and negotiated in Indiana by agents of plaintiff. In January 1982 the transformer failed, and defendant arranged to have it removed and repaired. Plaintiff's employees came to Indiana and brought the transformer back to North Carolina; a representative of defendant came to Goldsboro to witness the repair work. After the transformer arrived in Goldsboro, in February 1982, plaintiff informed defendant that the warranty had expired and the parties entered into a contract whereby defendant would pay for the repairs. The transformer was repaired and returned, but defendant refused to pay. Plaintiff brought the present action in Wayne County Superior Court; defendant moved to dismiss for lack of personal jurisdiction, but the motion was denied. Defendant appealed.

*Dees, Smith, Powell, Jarrett, Dees & Jones, by William W. Smith and Tommy W. Jarrett, for plaintiff.*

*Barnes, Braswell & Haithcock, P.A., by Henson P. Barnes, for defendant.*

WELLS, Judge.

This appeal is properly before this court. N.C. Gen. Stat. § 1-277(b) (1983). It presents only one question, whether the trial court properly denied defendant's motion to dismiss for lack of jurisdiction over the person. We hold that it erred and reverse.

To determine if a foreign corporation may be subjected to *in personam* jurisdiction in this state, we apply a two-pronged test. First, do the North Carolina jurisdictional statutes permit our courts to entertain an action against the defendant? And second, does the exercise of that jurisdiction comport with due process of law? *See Dillon v. Funding Corp.*, 291 N.C. 674, 231 S.E. 2d 629 (1977); *Delprinting Corp. v. C.P.D. Corp.*, 49 N.C. App. 449, 271 S.E. 2d 548 (1980).

The first prong of the test is easily satisfied. Under our "long arm" statute, N.C. Gen. Stat. § 1-75.4(5)a. (1983), a promise "made anywhere" to pay for services to be performed in North Carolina suffices to confer jurisdiction. The evidence clearly shows that defendant promised to pay for repairs to the transformer, and that those repairs were to be accomplished in North Carolina, thus satisfying this statute.

This exercise of statutory jurisdiction must satisfy elementary constitutional due process, however, as embodied in the familiar "minimum contacts" test: "[D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice,'" *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457 (1940)). In *McGee v. International Life Ins. Co.*, 355 U.S. 220 (1957), the Court held that a single life insurance contract justified California's exercise of jurisdiction over a Texas insurer, since the contract had a "substantial connection" with the state. Later the same term,

however, the Court tempered the broad sweep of *McGee* in *Hanson v. Denckla,* 357 U.S. 235 (1958), holding that a Delaware trustee of a Florida decedent's property, which had never itself performed any acts in Florida, had not availed itself of the protection of Florida's law and thus was not subject to personal jurisdiction in Florida. The Court held:

> The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant *purposefully avails itself of the privilege of conducting activities within the forum State,* thus invoking the benefits and protections of its laws.

*Id.* at 253 [cite omitted] [emphasis added].

Left unresolved in *Hanson v. Denckla, supra,* was the question of personal jurisdiction over nonresident corporate defendants based on contractual dealings with corporate plaintiffs. A substantial division and confusion of authority has resulted. *See Lakeside Bridge & Steel v. Mountain State Const.,* 597 F. 2d 596 (7th Cir. 1979), *cert. denied,* 445 U.S. 907 (1980) (cases collected). The United States Supreme Court has refused to date to address the issue, however. *See Baxter v. Mouzavires,* 455 U.S. 1006 (1982) (mem.) (White, J., dissenting); *Chelsea House Publishers v. Nicholstone Book Bindery, Inc.,* 455 U.S. 994 (1982) (mem.) (White, J., dissenting).

In *Lakeside Bridge & Steel v. Mountain State Const., supra,* a West Virginia construction firm, which did business only in West Virginia, had contracted to build a dam there. Representatives of a Wisconsin firm submitted proposals for a steel subcontract, which the general contractor accepted by mailing a purchase order to Wisconsin. The steel was delivered and installed in the dam, but the general contractor refused to pay. The Seventh Circuit held that since the contact relied upon was the performance by the Wisconsin plaintiff, not the defendant, in Wisconsin, and since the contract did not *require* performance in Wisconsin, personal jurisdiction could not be constitutionally exercised over the West Virginia defendant in Wisconsin. The court

relied heavily on the "unilateral activity" language in *Hanson v. Denckla, supra.*

A similar result was reached in *United Advertising Agency, Inc. v. Robb,* 391 F. Supp. 626 (M.D. N.C. 1975). There, Kansas and Missouri restaurants engaged a North Carolina advertising agency to perform certain advertising services, and the agency prepared its materials in North Carolina. Upon the restaurants' failure to pay, the agency brought an action in North Carolina. In holding that due process forbade this exercise of jurisdiction, the court, following *Aftanase v. Economy Baler Company,* 343 F. 2d 187 (8th Cir. 1965) (Judge, now Justice, Blackmun), applied the following primary factors: (1) quantity of contacts, (2) nature and quality of contacts, and (3) the source and connection of the cause of action with these contacts; two other factors, interest of the forum state and convenience, also enter the consideration. *United Advertising Agency, Inc. v. Robb, supra.* Relying again on the "unilateral activity" language in *Hanson v. Denckla, supra,* the court held that since the defendants had made no attempt to enter the market in North Carolina or otherwise advance their position by contacts in this state, or to use the law of North Carolina to their advantage, and since all benefit to them would occur in Kansas or Missouri, the fact that the services were performed in North Carolina was "truly incidental"; the services could have been prepared anywhere, at plaintiff's unilateral discretion. *United Advertising Agency, Inc. v. Robb, supra.* The court also concluded that the state interest and convenience factors did not justify North Carolina jurisdiction, noting that, unlike *McGee v. International Life Ins. Co., supra,* the case did not involve a resident non-business individual against a well-financed corporation. *United Advertising Agency, Inc. v. Robb, supra.* Reviewing all these factors, the court concluded that to exercise jurisdiction would clearly violate the due process clause of the 14th amendment. *See also Tyee Constr. Co. v. Dulien Steel Products, Inc.,* 62 Wash. 2d 106, 381 P. 2d 245 (1963) (multi-factor test) (no jurisdiction based on "isolated business excursion").

Turning to the present case, we are faced with an apparently novel due process problem: does a single executed contract to repair a single piece of personal property for a nonresident corporation with no other contacts constitutionally allow exercise of personal jurisdiction? We have not discovered any "repair" cases

on point. The few "repair" cases we have found do not address the particular issue here. A long-term repair contract, connected to a lease agreement, justified jurisdiction in one case. *United States Ry. Equip. Co. v. Port Huron & Detroit R. Co.*, 495 F. 2d 1127 (7th Cir. 1974). On the other hand, attempts by a Kansas purchaser to get a Wisconsin seller to come to Kansas to repair phone equipment did not. *Jadair, Inc. v. Walt Keeler Co., Inc.*, 679 F. 2d 131 (7th Cir.), *cert. denied*, 459 U.S. 944 (1982). The present case lies somewhere in between.

Turning to the factors outlined in *United Advertising Agency, Inc. v. Robb, supra*, we note first that the transformer was sold as a result of solicitation by plaintiff's agents in Indiana. There appear to be no other contacts, other than those involving this one transformer, between defendant and North Carolina. The amount of the contract, standing alone, does not supply sufficient contact. Turning to the "heart" of the issue, we conclude that plaintiff has failed to show the requisite "substantial connection." By its very nature as a rural electric corporation, defendant operates in a very limited geographic area. Only *after* the transformer had been removed to Goldsboro, while still apparently under warranty, did plaintiff notify defendant that payment was expected, and only then was a contract entered into. The contract does not require application of North Carolina's law. Nothing in the record indicates that defendant chose the repair location or that there were no other locations to repair the transformer. There does not appear to be a preferable forum to Indiana. In light of *United Advertising Agency, Inc. v. Robb, supra*, then, we conclude that the exercise of jurisdiction in this case violates due process.

The North Carolina cases involving contracts between two corporations do not compel a different result. In *Harrelson Rubber Co. v. Dixie Tire and Fuels*, 62 N.C. App. 450, 302 S.E. 2d 919 (1983), a tire supply contract expressly provided that North Carolina law would apply, and the South Carolina defendant purchased and shipped raw materials to plaintiff's plants in North Carolina over a seven-year period. And in *Delprinting Corp. v. C.P.D. Corp., supra*, a lengthy pattern of business between the two corporations existed and the Illinois defendant had taken over an existing North Carolina corporation with which the plaintiff corporation had enjoyed business relations. *See also Fiber Industries*

*v. Coronet Industries*, 59 N.C. App. 677, 298 S.E. 2d 76 (1982) (single contract, but defendant did millions of dollars in business annually in North Carolina); *Leasing Corp. v. Equity Associates, Inc.*, 36 N.C. App. 713, 245 S.E. 2d 229 (1978) (four-year contractual relationship; contract made in North Carolina, stated North Carolina law applied). In these cases minimum contacts were properly found.

The present case, involving an "isolated business excursion," is clearly distinguishable. More on point is *Phoenix America Corp. v. Brissey*, 46 N.C. App. 527, 265 S.E. 2d 476 (1980), where plaintiff predicated jurisdiction on the processing of a single order in North Carolina although all other acts relating to the contract occurred in South Carolina, including the solicitation of the order by plaintiff. Insufficient contacts were found.

Defendant in this case does no business in North Carolina and has not attempted to avail itself of the protection of the laws of North Carolina. We conclude that plaintiff has not shown minimum contacts by defendant sufficient to constitutionally justify the exercise of personal jurisdiction. Accordingly, the court erred in denying defendant's motion to dismiss and the order appealed from must be reversed. The cause is remanded for entry of an order dismissing the complaint.

Reversed and remanded.

Judges ARNOLD and HILL concur.