THE B. F. GOODRICH COMPANY, PLAINTIFF v. TIRE KING OF GREENSBORO, INC., TIRE KING OF FAYETTEVILLE, INC., BOYD A. PERRY AND JOE B. SMITH, DEFENDANTS

JOE B. SMITH, THIRD PARTY PLAINTIFF v. DAVID HILL, TIRE COUNTRY, INC. AND STRATTON TIRE CORPORATION, THIRD PARTY DEFENDANTS

No. 8518SC647

(Filed 1 April 1986)

Process § 14.3— foreign corporation—contacts with N. C.—exercise of jurisdiction proper

The trial court could properly exercise jurisdiction over defendant West Virginia corporation where defendant promised to pay for services to be performed in this State by plaintiff in that plaintiff arranged tire sales through defendant for which defendant received compensation and for which defendant in turn compensated plaintiff; furthermore, defendant had sufficient minimum contacts with this State to permit the exercise of jurisdiction over it where plaintiff resident placed orders with defendant nonresident on behalf of North Carolina tire dealers over a period of at least six months and defendant did continuous substantial business through other dealers in North Carolina; defendant's business relationship with plaintiff was ongoing; defendant received as compensation a percentage of the tire sales placed through it in this State; and defendant undertook various collection activities on behalf of the tire suppliers. N.C.G.S. § 1-75.4(5)a.

APPEAL by third party defendant Stratton Tire Corporation from *Washington, Judge.* Order entered 2 May 1985 in Superior Court, GUILFORD County. Heard in the Court of Appeals 2 December 1985.

This is an appeal from an order denying a motion to dismiss for lack of jurisdiction over the person.

*Dees, Giles, Tedder, Tate & Wall, by T. M. Gaylord, Jr., for third party plaintiff-appellee.*

*Emanuel and Emanuel, by Robert L. Emanuel and George W. Kane, III, for third party defendant-appellant.*

EAGLES, Judge.

Third party defendant Stratton Tire Corporation, a West Virginia corporation, appeals from an order denying its motion to dismiss on the grounds that the trial court lacked jurisdiction

over the person. The appeal is properly before this court. G.S. 1-277(b).

I

Plaintiff B. F. Goodrich Company ("Goodrich") sued for the purchase price of tires shipped to defendant Tire King of Greensboro but not paid for. Defendant Joe B. Smith had allegedly ordered the tires and arranged to have them billed to defendant Tire King of Fayetteville. Smith denied any liability. He filed a third party complaint against Stratton Tire Corporation ("Stratton") and the other third party defendants, seeking indemnity in case he was found liable. Smith alleged that third party defendants Hill and Tire Country asked him to act as their sales representative and to solicit orders from Stratton, and that Stratton approved this arrangement and agreed to pay commissions to Smith and Hill. Smith asserts that for these reasons the third party defendants must assume any liability determined to be his.

Stratton moved to dismiss on the grounds that it had no contacts with North Carolina. Stratton is a corporation, organized and doing business in West Virginia. According to its president, Stratton does not do any business or maintain a sales force in North Carolina, nor does it advertise here. Its sole business function is to process tire orders and forward them to Goodrich in Ohio. Goodrich then delivers the tires, and the customer pays Goodrich. Any disputes about price or quality do not involve Stratton; rather, on these issues the customer must deal directly with Goodrich. Once Goodrich is paid for an order, Goodrich pays Stratton who in turn pays a commission to the person who obtained the order.

Goodrich alleged in its complaint that Stratton acted at all pertinent times in its behalf, and that Stratton had, in Goodrich's behalf, presented the initial demand for payment.

Smith alleged that Stratton had sold over $170,000 of tires directly through him, and paid him $3,400 in commissions, over a period of some six months. Smith alleged further, on information and belief, that Stratton sold over $1,000,000 worth of tires in North Carolina per year.

The trial court found that Stratton promised to pay Smith for his services in North Carolina, that Stratton did substantial

business in this State, and that orders for tires were placed through Stratton and Stratton received compensation accordingly. Based on these findings, the court held that both statutory and constitutional standards for the exercise of jurisdiction over the person were met, and denied Stratton's motion to dismiss. Stratton appealed.

## II

In order to determine whether North Carolina may properly exercise jurisdiction over the person of a foreign defendant, we apply a two-part test: (1) Do our "long-arm" jurisdiction statutes, G.S. 1-75.1 *et seq.*, when liberally construed, permit the exercise of jurisdiction? (2) If so, does the exercise of jurisdiction unconstitutionally violate due process of law? *See Marion v. Long,* 72 N.C. App. 585, 325 S.E. 2d 300, *appeal dismissed and disc. rev. denied,* 313 N.C. 604, 330 S.E. 2d 612 (1985).

## III

The first prong of the jurisdictional test is easily satisfied. A court of this state has statutory jurisdiction upon proper service (service is not contested here) over actions arising out of a promise by a defendant (Stratton) "to pay for services to be performed in this State by the plaintiff" (Smith). G.S. 1-75.4(5)a. Smith arranged tire sales through Stratton, for which Stratton received compensation and for which Stratton in turn compensated Smith. Smith by his efforts in this State conferred a business benefit on Stratton and was paid accordingly. This was part of an ongoing contractual arrangement. Under a liberal construction, Smith performed a "service" in North Carolina for which Stratton promised to pay.

## IV

The second constitutional prong of the test involves the "minimum contacts" test. *See International Shoe Co. v. Washington,* 326 U.S. 310, 90 L.Ed. 95, 66 S.Ct. 154 (1945). This test is not mechanical but depends on the factors in each individual case. *Id.; Ciba-Geigy Corp. v. Barnett,* 76 N.C. App. 605, 334 S.E. 2d 91 (1985). A single contract may constitutionally support jurisdiction over a non-resident corporate defendant, *McGee v. International Life Ins. Co.,* 355 U.S. 220, 2 L.Ed. 2d 223, 78 S.Ct. 199 (1957), especially when the defendant also does substantial other busi-

ness in the forum state. *Fiber Industries, Inc. v. Coronet Industries, Inc.*, 59 N.C. App. 677, 298 S.E. 2d 76 (1982). Mere fortuitous contact with the forum state in the course of business dealings will not suffice, however. There must be some act or acts by which the defendant has purposefully availed itself of the privilege of doing business there. *Hanson v. Denckla*, 357 U.S. 235, 2 L.Ed. 2d 1283, 78 S.Ct. 1228, *reh'g denied*, 358 U.S. 858, 3 L.Ed. 2d 92, 79 S.Ct. 10 (1958).

## V

This Court has identified certain primary and secondary factors used in determining minimum contacts questions. *See Harrelson Rubber Co. v. Layne*, 69 N.C. App. 577, 317 S.E. 2d 737 (1984). These include three primary factors: (1) quantity of contacts, (2) nature and quality of contacts, and (3) the source and connection of the cause of action with these contacts. Two secondary factors, interest of the forum state and convenience to the parties, are considered. *Id.* No single factor controls, but they all must be weighed in light of fundamental fairness and the circumstances of the case. *See Dillon v. Numismatic Funding Corp.*, 291 N.C. 674, 231 S.E. 2d 629 (1977); *Harrelson Rubber Co. v. Layne*, *supra.*

*Quantity of Contacts:* It is undisputed that Smith placed orders with Stratton on behalf of North Carolina tire dealers, over a period of at least six months. Smith alleged, and Stratton did not deny, that Stratton did continuous substantial business through other dealers in North Carolina. This case does not arise out of a single, isolated contact. *Compare Phoenix America Corp. v. Brissey*, 46 N.C. App. 527, 265 S.E. 2d 476 (1980) (single sale, no other dealings). We note that the fact that Stratton received orders in West Virginia and never physically operated in North Carolina does not mean it did not have business contacts here. *See Burger King Corp. v. Rudzewicz*, --- U.S. ---, 85 L.Ed. 2d 528, 105 S.Ct. 2174 (1985) (franchisee never visited forum state; jurisdiction proper).

*Nature and Quality of Contacts:* Stratton's business relationship with Smith was ongoing. If this lawsuit had not arisen, Smith apparently would have remained active placing orders from North Carolina with Stratton. Stratton did not deny that it receives as compensation a percentage of the Goodrich sales placed through

it in this state. *Compare United Buying Group, Inc. v. Coleman*, 296 N.C. 510, 251 S.E. 2d 610 (1979) (no jurisdiction over guarantor, who enjoyed no commercial benefit from transaction). While Stratton denied generally any collection activity on behalf of Goodrich, Goodrich alleged that specific collection activities were undertaken through Stratton and that Stratton acted at all times in its behalf. These facts indicate an ongoing business relationship, in which Stratton served as something more than a mere conduit of orders, as it now claims to be. The fact that Stratton did not advertise in North Carolina is relevant but does not appear especially important in light of its ongoing association with a major national advertiser, Goodrich.

*Source and Connection of Cause of Action:* The cause of action arose directly out of Smith's activities for which he was compensated by Stratton. *Compare Georgia Railroad Bank & Trust Co. v. Eways*, 46 N.C. App. 466, 265 S.E. 2d 637 (1980) (no connection between real estate, on which contacts predicated, and action; no jurisdiction).

*Interest of Forum State:* Any state has a general interest in providing a forum for its residents to settle disputes in which they are involved. *Harrelson Rubber Co. v. Layne, supra.* In addition, the dependent nature of Smith's claim against Stratton could mean that the entire matter would be relitigated from the beginning if we decline jurisdiction. Smith has apparently never been to West Virginia, while Stratton has been involved in substantial business in North Carolina.

*Convenience:* The record reflects no relevant convenience factors, other than the unavoidable inconvenience to one side or the other of litigating outside of its home state.

Upon review of these factors and the relevant cases, we conclude that Stratton has sufficient minimum contacts, purposefully made, with North Carolina and that exercise of jurisdiction over its person by our courts does not offend due process.

## VI

Comparison of the facts here with the seminal "minimum contacts" case, *International Shoe Co. v. Washington, supra,* reveals a close parallel. There a shoe company protested attempted collection of unemployment compensation contributions by the State of

Washington, arguing that it was not "present" in the State and therefore not subject to its jurisdiction. The company maintained no office or stock of merchandise in Washington. Its salesmen received compensation solely on a commission basis, computed on sales accepted at company headquarters in St. Louis. All orders were shipped f.o.b. outside Washington. The salesmen had no authority to contract or make collections, and only had sample shoes, *i.e.*, one of a pair. The Supreme Court held that the company's contacts nonetheless supported Washington's exercise of jurisdiction: they were systematic and continuous, resulting in a large volume of interstate business, including the subject matter of the action. The company had sufficiently exercised the privilege of doing business in the State, enjoying the benefits and protection thereof, that due process was not offended by expecting it to defend there. *Id.* The only difference between the sales structure in *International Shoe* and here is that Stratton, rather than manufacturing the tires itself, forwards its tire sales orders to Goodrich. It does receive compensation for its services, however; its business operations in North Carolina can hardly be called incidental or fortuitous. We reaffirm our conclusion that Stratton may constitutionally be sued in North Carolina in this case.

CONCLUSION

Stratton did not deny that substantial orders for tires for North Carolina customers moved through it in the course of its regular business. It did not deny being compensated by Goodrich nor did it deny paying Smith for placing the orders with it. Stratton's claim that it simply served as a processing point for Goodrich's orders must accordingly be viewed with some skepticism. Accordingly, we conclude that the trial court correctly denied Stratton's motion to dismiss. The order appealed from must therefore be affirmed.

Affirmed.

Chief Judge HEDRICK and Judge MARTIN concur.