LEXINGTON AEROLINA, INC., PLAINTIFF v. MURRAY AVIATION, INC.,
DEFENDANT

No. 9026SC22

(Filed 4 September 1990)

**Process § 14.2 (NCI3d) — sale of aircraft — by North Carolina corporation to Michigan corporation — sufficient minimum contacts**

The trial court did not err in denying defendant's motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(2) in an action to recover the contract price for the sale of an aircraft where plaintiff North Carolina corporation had two aircraft which defendant Michigan corporation agreed to buy, and the first airplane was delivered but the sale of the second aircraft collapsed. There were multiple contacts with North Carolina, including the physical presence of defendant's corporate officers in the state as well as the use of the State's banking system for defendant's economic transactions; North Carolina had an interest in providing plaintiff with a forum for this dispute in that the contract, although made in Michigan, was to be performed in North Carolina, defendant utilized a North Carolina bank as escrow agent to transfer the balance due on the first aircraft, defendant's employees were physically present in North Carolina, and there was a relative lack of significant activity relating to the transaction in Michigan; defendant admits that there is no disparity between the parties regarding the convenience of litigating in the opposing parties' state; and the use of a North Carolina bank as escrow agent would reasonably forewarn defendant of the possibility of being subject to the courts of this state.

**Am Jur 2d, Process §§ 186, 187, 190.**

APPEAL by defendant from *Saunders (Chase B.), Judge.* Order entered 2 November 1989 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 27 August 1990.

This is a civil action wherein plaintiff, Lexington Aerolina, Inc., seeks to recover from defendant, Murray Aviation, Inc., the contract price for the sale of an aircraft. Defendant made a motion pursuant to Rule 12(b)(2) of the North Carolina Rules of Civil Procedure to dismiss the action for lack of personal jurisdiction over defendant. After a hearing on defendant's motion, the trial judge

made findings of fact which are summarized as follows: This breach of contract action is made by a North Carolina corporation against a Michigan corporation. Defendant has never been domesticated, authorized to do business, or engaged in activity in North Carolina other than the transactions leading up to litigation.

In 1988, defendant contacted the manufacturer of Casa Aircraft in Virginia to inquire about purchasing two used aircraft. The manufacturer told defendant that plaintiff had two such planes and informed plaintiff of defendant's interest in them. Plaintiff's president then telephoned defendant's agent in Michigan. Subsequently, three employees of defendant (including the corporate treasurer and the director of operations) came to North Carolina to inspect the planes. No negotiations took place on this visit. The parties negotiated over the telephone, and on 21 November 1988, defendant mailed a sales proposal to plaintiff. Two days later, plaintiff mailed back to Michigan a counterproposal for the sale of the aircraft. Plaintiff's counteroffer was accepted and returned along with a $15,000 deposit. The contract required plaintiff to make some alterations on the aircraft. The first plane was delivered to defendant in Florida after the stipulated changes had been made in Pennsylvania. Payment was made through a North Carolina bank acting as an escrow agent for defendant.

This action stems from the collapse of the sale of the second aircraft. Service of summons and complaint was made upon defendant by certified mail in Michigan. From an order denying defendant's motion to dismiss, defendant gave notice of appeal.

*Timothy M. Stokes for plaintiff, appellee.*

*Bailey, Patterson, Caddell & Bailey, P.A., by G. Russell Kornegay, III, and T. Scott White, for defendant, appellant.*

HEDRICK, Chief Judge.

Plaintiff concedes for the purposes of this appeal, that the contract was made in Michigan rather than in North Carolina, thus dispensing with defendant's first argument. The parties also agree that (1) the exercise of jurisdiction in this litigation falls within the scope of North Carolina's "long-arm" statute (specifically G.S. 1-75.4(5)c, authorizing jurisdiction in any action which "[a]rises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to deliver or

**LEXINGTON AEROLINA, INC. v. MURRAY AVIATION, INC.**

[100 N.C. App. 254 (1990)]

receive within this State, or to ship from this State goods, documents of title, or other things of value"), and (2) "specific" rather than "general" jurisdiction should be exercised since the litigation arises out of a nonresident defendant's contacts with the State. *Tom Togs, Inc. v. Ben Elias Industries Corp.*, 318 N.C. 361, 348 S.E.2d 782 (1986).

While conceding that the transactions leading up to litigation fall within the scope of North Carolina's "long-arm" statute, defendant's second argument challenges the exercise of personal jurisdiction by the superior court of this State as a violation of the Due Process clause of the 14th Amendment to the United States Constitution.

The examination of due process focuses on the contacts between the nonresident defendant and the forum state.

[D]ue process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."

*International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L.Ed. 95, 102 (1945) (*quoting Milliken v. Meyer*, 311 U.S. 457, 463, 85 L.Ed. 278, 283 (1940)). The "minimum contacts" requirement may be satisfied with a single contract "which ha[s] substantial connection with [the forum] State." *McGee v. International Life Insurance Co.*, 355 U.S. 220, 223, 2 L.Ed.2d 223, 226 (1957). In *McGee*, the United States Supreme Court allowed jurisdiction over a foreign corporation based on a single life insurance policy mailed to the forum state with premiums mailed from the forum state to the corporation. Additionally, it has been determined that "if a contract is to be actually performed in North Carolina and has a substantial connection with this State, jurisdiction will lie." *Staley v. Homeland, Inc.*, 368 F. Supp. 1344, 1350 (E.D.N.C. 1974).

The case *sub judice* involves a single contract for the sale of two aircraft. Therefore, we must examine whether the contacts between Murray Aviation in Michigan and Lexington Aerolina were sufficient to establish a "substantial connection" with North Carolina such that *in personam* jurisdiction may be exercised over Murray Aviation. We agree with defendant's assessment of the contacts

LEXINGTON AEROLINA, INC. v. MURRAY AVIATION, INC.

[100 N.C. App. 254 (1990)]

between North Carolina and defendant as "minimal," but hold that they are sufficient to satisfy due process.

Five factors have often been considered by this Court when analyzing whether sufficient minimum contacts exist to avoid offending "traditional notions of fair play and substantial justice": (1) quantity of contacts; (2) nature and quality of contacts; (3) source and connection of cause of action to the contacts; (4) interest in the forum state; and (5) convenience to the parties. *Church v. Carter*, 94 N.C. App. 286, 291, 380 S.E.2d 167, 170 (1989); *Marion v. Long*, 72 N.C. App. 585, 587, 325 S.E.2d 300, 302, *disc. rev. denied and appeal dismissed*, 313 N.C. 604, 330 S.E.2d 612 (1985); *Phoenix America Corp. v. Brissey*, 46 N.C. App. 527, 531, 265 S.E.2d 476, 479 (1980). The only contacts between defendant and North Carolina involve the sales contract and breach thereof, i.e., the cause of action. These contacts include the visit by three Murray Aviation employees to North Carolina, various telephone calls between the Michigan and North Carolina corporations, a purchase proposal sent from Michigan to North Carolina on 21 November 1988, the signing and returning of the contract to plaintiff in North Carolina, a $15,000 deposit sent to plaintiff in North Carolina, the delivery of the balance of the purchase price for the first plane ($820,000) to a North Carolina bank acting as escrow agent for defendant, the subsequent delivery of the purchase price to plaintiff, and the delivery of a $50,000 deposit on the second aircraft by defendant. Additionally, the Casa Aircraft manufacturer might be considered to have acted as an agent of, or on behalf of, defendant in notifying plaintiff of defendant's interest in the aircraft. These multiple contacts with North Carolina included, significantly, the physical presence of defendant's corporate officers in the State, as well as the use of the State's banking system for defendant's economic transactions.

The North Carolina Supreme Court has held that the courts of this State have personal jurisdiction over nonresident defendants with fewer contacts than defendant in this case. Personal jurisdiction has been found to exist over a defendant who had taken no action in this State, had no agents operating in this State, and had not been physically present in this State. In *Tom Togs, Inc.*, *supra*, the Court found that sufficient minimum contacts existed between the State and a defendant who had dealt only with the plaintiff's independent agent in New York. A "substantial connection" to North Carolina was found based on the contract's formation

in North Carolina and the defendant's knowledge that the contract would be substantially performed in North Carolina. In comparison, the quantity and quality of contacts in the case at hand are sufficient.

The fourth factor to consider is the interest of the forum state. "It is generally conceded that a state has a 'manifest interest' in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors." *Tom Togs, Inc.* at 367, 348 S.E.2d at 787 (*quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473, 85 L.Ed.2d 528, 541 (1985)). The contract, although made in Michigan, was to be performed in North Carolina. The fact that conversion and repair work were done on one plane in Pennsylvania is incidental. The contract stated only that such work was the responsibility of the North Carolina plaintiff, without regard to locale. Additionally, defendant utilized a North Carolina bank as escrow agent to transfer the balance due on the first aircraft. These two factors, combined with the physical presence of defendant's employees in North Carolina and the relative lack of significant activity relating to the transaction in Michigan, strengthen North Carolina's interest in providing plaintiff with a forum for this dispute.

The fifth factor to consider is convenience to the parties. Defendant admits in his brief that there is no disparity between the parties regarding the convenience of litigating in the opposing party's state. The only material witnesses to the actual contract for the second aircraft are the two corporate presidents who signed it.

It is essential to an examination of due process "that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 62 L.Ed.2d 490, 501 (1980). There must be some action "by which the defendant purposefully avails himself of the privilege of conducting activities within the forum state, invoking the benefits and protections of its laws." *Goldman v. Parkland*, 277 N.C. 223, 229, 176 S.E.2d 784, 788 (1970). The economic connections between Murray Aviation and North Carolina are substantial and significant. The use of a North Carolina bank as escrow agent would reasonably forewarn defendant of the possibility of being subject to the courts of this State.

We hold the trial judge did not err in denying defendant's Rule 12(b)(2) motion to dismiss, and the order will be affirmed.

Affirmed.

Judges ARNOLD and GREENE concur.