DESOTO TRAIL, INC. v. COVINGTON DIESEL, INC., GENERAL MOTORS CORPORATION, AND PENSKE GM POWER, INC.

No. 8530SC164

(Filed 5 November 1985)

1. **Process § 14.3— jurisdiction under long-arm statute—product serviced and used within North Carolina**

   There were statutory grounds for the exercise of jurisdiction over a Delaware corporation which installed a diesel engine in plaintiff's truck in New Jersey in that the engine was a product serviced by the corporation and used within North Carolina by plaintiff in the ordinary course of trade. G.S. 1-75.4(4)(b).

2. **Constitutional Law § 24.7— long-arm jurisdiction—truck engine installed in New Jersey—not licensed to do business in North Carolina—insufficient minimum contacts**

   Defendant had insufficient minimum contacts with North Carolina to satisfy constitutional due process where defendant was organized under the laws of Delaware; maintained service centers in New York and New Jersey; had sales representatives in New York, New Jersey and Texas; and advertised in trade journals distributed in New York, New Jersey, Pennsylvania and Massachusetts. There was no showing that plaintiff's contract with defendant for the engine had any relationship to this state in the way of a site for performance, a site for tender, or as a legal forum; despite defendant's association with General Motors' nationwide manufacturing network, there was no evidence that defendant ever took any action purposefully to avail itself of the privilege of conducting activities within the forum of North Carolina and defendant's activities were not such that it could reasonably anticipate being haled into court here.

3. **Constitutional Law § 24.7; Courts § 1— dismissal for insufficient minimum contacts—no violation of open courts clause**

   The dismissal of plaintiff's claim against defendant Penske for lack of sufficient minimum contacts did not violate Art. I, § 18 of the North Carolina

Constitution because plaintiff's claim against Penske for improper installation of a diesel engine is separate and distinct from plaintiff's claims against GM and Covington for breach of warranties; moreover, plaintiff's procedural orientation does not dictate a finding of minimum contacts when minimum contacts do not exist.

APPEAL by plaintiff from *Downs, Judge.* Order entered 19 November 1984 in MACON County Superior Court. Heard in the Court of Appeals 24 September 1985.

Plaintiff is a North Carolina corporation engaged in commercial trucking with its principal place of business in Franklin. Appellee Penske GM Power, Inc. is a corporation organized under the laws of Delaware and an authorized distributor for products of Detroit Diesel Allison, a division of General Motors Corporation. Penske maintains service centers in New York and New Jersey; has sales representatives in New York, New Jersey and Texas; and has advertised in trade journals distributed in New York, New Jersey, Pennsylvania and Massachusetts.

In June, 1982, plaintiff experienced engine problems with a 1979 Kenworth truck, which happened to be in New Jersey at the time, and obtained the services of Penske to install a new engine. The engine, a diesel manufactured by the Detroit Diesel Allison division of General Motors, was installed by Penske at its place of business in Lodi, New Jersey. Plaintiff paid $10,556.83 for this service. A service warranty issued by General Motors entitled "Power Protection Plan" provided for repair of defective or malfunctioning engine parts by authorized Detroit Diesel Allison distributors and service dealers.

In November, 1983, plaintiff took the truck for repairs to the Charlotte, North Carolina facility of Covington Diesel, also a distributor for Detroit Diesel Allison. A dispute arose with regard to whether Covington's repairs were covered by the service warranty. Plaintiff filed a complaint in Superior Court of Macon County alleging breach of contract and warranties, naming as defendants Covington Diesel, General Motors Corporation, and Penske GM Power. Penske filed a motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b) of the Rules of Civil Procedure, on the grounds of lack of personal jurisdiction. Penske's motion was granted and plaintiff appealed.

*Baley, Baley, Clontz & Schumacher, P.A., by Stanford K. Clontz, for plaintiff.*

*Van Winkle, Buck, Wall, Starnes and Davis, P.A., by Allan R. Tarleton, for defendant Penske GM Power.*

WELLS, Judge.

The gravamen of plaintiff's first six assignments of error is that the trial court erred in concluding as a matter of law that defendant Penske had insufficient minimum contacts with North Carolina to permit the court to exercise *in personam* jurisdiction. To determine if foreign defendants may be subjected to *in personam* jurisdiction in this State, we apply a two-pronged test. First, we determine whether North Carolina jurisdictional statutes allow our courts to entertain the action. Second, we determine whether our courts can constitutionally exercise such jurisdiction consistent with due process of law. *Marion v. Long,* 72 N.C. App. 585, 325 S.E. 2d 300 (1985).

[1] Statutory jurisdiction arises under N.C. Gen. Stat. § 1-75.4 (1983), the North Carolina "long-arm" statute. This statute should be construed liberally, in favor of finding jurisdiction. *Leasing Corp. v. Equity Associates,* 36 N.C. App. 713, 245 S.E. 2d 229 (1978). The burden is on the plaintiff to establish *prima facie* that one of the statutory grounds applies. *Marion v. Long, supra.* Plaintiff contends that, under the alleged facts, "[p]roducts, materials or thing[s] processed, serviced or manufactured by the defendant were used or consumed, within this State in the ordinary course of trade." G.S. 1-75.4(4)(b). Construing the statute liberally, we find that the engine installed in plaintiff's truck by Penske was a product serviced by Penske and used within this State by plaintiff in the ordinary course of trade; therefore, there were statutory grounds for the exercise of jurisdiction.

[2] The exercise of statutory jurisdiction must meet the test of constitutional due process, requiring the defendant to have sufficient minimum contacts with the forum state to ensure that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

> Minimum contacts do not arise *ipso facto* from actions of a defendant having an effect in the forum state. *Kulko v.*

*Superior Court,* 436 U.S. 84, 56 L.Ed. 2d 132, 98 S.Ct. 1690 . . . (1978). There must be some act or acts by which the defendant purposely availed himself of the privilege of doing business there, *Hanson v. Denckla,* 357 U.S. 235, 2 L.Ed. 2d 1283, 78 S.Ct. 1228 . . . (1958), such that he or she should reasonably anticipate being haled into court there. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 62 L.Ed. 2d 490, 100 S.Ct. 559 (1980).

*Ciba-Geigy Corp. v. Barnett,* slip op. no. 8418SC389 (N.C. App. filed 17 September 1985).

Even accepting plaintiff's allegations as true, there is no showing that plaintiff's contract with Penske for the engine had any relationship to this State in the way of a site for performance, a site for tender or as a legal forum. Penske's place of business is New Jersey and the widest possible characterization of its service area would be the states of New Jersey, New York, Texas, Pennsylvania and Massachusetts. Penske has no sales representatives or service centers in North Carolina and does not advertise here. It is not licensed to do business in this State. Clearly, Penske's activities were not such that it could reasonably anticipate being haled into court here. *See Marion v. Long, supra.*

Plaintiff contends that Penske had been "drinking heavily from the waters of the stream of interstate commerce" by associating itself with General Motors' nationwide manufacturing network. This argument is without merit. There is no evidence that Penske ever took any action purposefully to avail itself of the privilege of conducting activities within the forum of North Carolina. *See Sola Basic Industries v. Electric Membership Corp.,* 70 N.C. App. 737, 321 S.E. 2d 28 (1984), *citing Hanson v. Denckla, supra.*

[3]  Finally, plaintiff contends that the dismissal as to Penske effectively precludes plaintiff from litigating its claims and exercising its right to "have remedy by due course of law" under N.C. Const. art. 1, § 18. Plaintiff's claim against Penske for improper installation is separate and distinct from the claims against GM and Covington for breach of warranties. Dismissal of the Penske claim should not prejudice plaintiff's other claims. In any case, plaintiff's procedural orientation may not dictate a finding of

minimum contacts when minimum contacts do not exist on the facts.

Affirmed.

Judges ARNOLD and MARTIN concur.