FIRST NATIONAL BANK OF SHELBY, Plaintiff v. GENERAL
    FUNDING CORPORATION, GARL W. SWAIM and wife, NETTIE
    ALMA SWAIM, Defendants, and DELORES ANN KLOUSE;
    FREDIQUE MENDEZ; KENNETH M. POWELL; NORMAN LE-
    NORA ROSAS; HERBERT WEBER; BERNARD ELROD; KENT
    B. YEAGER; WALTER B. WILLIAMS; JOHN V. WATTLES;
    TOWN HOUSE OF LANCASTER, a Corporation; STEPHEN S.
    STEVENS; L. H. ROWELL; CLYDE T. MORGAN; BILLY MOR-
    GAN; PHILLIP R. McMANUS; DR. R. H. JAMES; PRINCE HIN-
    SON; HENRY M. GOBIE; THOMAS G. GAMBLE; ARLENE
    FUTRELL; H. W. CANNON; HOYT C. BURNETT, JR.; ROBERT
    M. CHASON; JOHN E. BRICK; NED GREGORY; R. L. BLACK-
    MON; ESTHER B. ARNETTE; JAMES C. PEARSON; ROBERT
    L. McCANN; THOMAS H. MAXWELL, JR.; CLARENCE A. TAY-
    LOR; ALFRED A. LANE; MARBEL A. GOVERNOR; LENORE
    GILBERT; HOMER FORSTER; MICHAEL P. CHASE, P.A.; GENE
    A. STOKES; VAN L. HOBBS; ALFRED T. HEATH; JAMES M.
    FOXWORTH; ROBERT E. DUNN; EMMETT W. BRUNSON, JR.,
    Additional Party Defendants

No. 7627SC195

(Filed 21 July 1976)

**Process § 9— nonresident defendants — notes executed in another state —
no in personam jurisdiction**

> The nonresident third party defendants did not have sufficient
> minimum contacts with this State to subject them to *in personam*
> jurisdiction by the courts of this State in an action involving promis-
> sory notes where the third party defendants executed in Florida the
> notes which were payable to a limited partnership in Florida, the
> notes were subsequently assigned by the Florida partnership to a
> bank in this State without the prior knowledge or approval of the
> makers, and the only contacts the third party defendants had with
> this State were when they mailed payments from Florida to the bank
> in this State. G.S. 1-75.4.

APPEAL by additional defendants, John E. Brick, James C.
Pearson and Robert L. McCann from *Falls, Judge.* Judgment
entered 26 November 1975, Superior Court, CLEVELAND County.
Heard in the Court of Appeals 8 June 1976.

The action sought to recover an alleged balance due the
plaintiff by the defendants in the amount of $239,191.67 to-
gether with reasonable attorneys' fees which was a result of
an alleged default in payment on a loan made by the plaintiff
to the defendant, General Funding Corporation, which was
allegedly guaranteed by the codefendants, Garl W. Swaim and
wife, Nettie Alma Swaim. In addition to the alleged guarantee

Bank v. Funding Corp.

by the individual codefendants, the plaintiff allegedly received as security for the loan to the defendant, General Funding Corporation, the assignment of certain other promissory notes held by the said defendant, General Funding Corporation, which had been assigned to General Funding Corporation by a Florida limited partnership.

The defendants, General Funding Corporation and Garl W. Swaim and wife, Nettie Alma Swaim, filed an answer to the plaintiff's Complaint on 17 September 1975, moving for dismissal of the plaintiff's Complaint, alleging negligence on the part of the plaintiff as a bar to any recovery by it against them, and included a pleading denominated a cross action which sought to join numerous other parties as additional party defendants, which were not originally named in the Complaint of the plaintiff, but who were the original makers and issuers of the promissory notes which the defendant, General Funding Corporation, had assigned to the plaintiff as security for its loan. The basis for the impleader or third-party action was that those certain additional party defendants and makers of the promissory notes had defaulted on the payments of those notes and were in turn indebted to the original defendant, General Funding Corporation, in a collective amount of $241,647.27.

Several of the additional party defendants, including the appellants herein, filed motions that the impleader or third-party action be dismissed because the court lacked *in personam* jurisdiction over the additional party defendants.

After hearing, the trial court entered its order retaining *in personam* jurisdiction over all of the additional party defendants including the appellants, from which order the additional party defendant appellants Robert L. McCann, John E. Brick, and James C. Pearson appealed.

*Jones, Jones & Key, P.A., by James U. Downs for additional party defendant appellants.*

*No Counsel contra.*

CLARK, Judge.

Does the Due Process Clause of the Fourteenth Amendment, Constitution of the United States, preclude a North Carolina court from obtaining jurisdiction over the person of the Addi-

tional Party Defendants who reside in and were served with process in the State of Florida by registered mail under G.S. 1-75.4?

In support of their motion to dismiss, the appealing Additional Party Defendants filed affidavits which revealed uncontradicted facts, as follows:

The Additional Party Defendants executed promissory notes on or about August, September and November of 1973, made payment to Kar-Kare Owners Group of Florida, Ltd., and in each case, the promissory notes represented a portion of the purchase price of five (5) units of limited partnership interest in the said Kar-Kare Owners Group of Florida, Ltd., which was a Florida limited partnership. Those promissory notes were apparently assigned to the defendant, General Funding Corporation, which was a North Carolina corporation doing business in the State of Florida, and subsequently assigned by the defendant, General Funding Corporation, to the plaintiff. The First National Bank of Shelby, as additional security for the loan referred to hereinabove. None of the Additional Party Defendants had ever done any business in the State of North Carolina, did not maintain any offices, bank accounts, mailing addresses, telephone listings or other business or personal facilities in the State of North Carolina, did not own any property in the State of North Carolina and did not place any advertising in any publications for the benefit of their businesses in the State. The entire transaction of execution and delivery of the promissory notes took place and was fully accomplished in the State of Florida, and the initial transaction was consummated between residents of Florida and a business entity organized under the laws of the State of Florida, namely, Kar-Kare Owners Group of Florida, Ltd. The subsequent assignments of the promissory notes by the said Kar-Kare Owners Group of Florida, Ltd., took place without the consent, approval, or knowledge, of any of the Additional Party Defendants; however, they were informed by the First National Bank of Shelby, plaintiff herein, that their notes had eventually been assigned to it, and some payments were made by each of the Additional Party Defendants which were made by check issued in the State of Florida, in each case, and mailed from the State of Florida to said Bank. At no time did any of the Additional Party Defendants personally appear in the State of North Carolina and commence or complete any phase of the entire transaction which

began with their initial issuance of the promissory notes and which ended with the ultimate assignment of the notes to plaintiff Bank.

The Supreme Court of the United States has limited the power of the state courts to obtain personal service against persons outside the state since *Pennoyer v. Neff*, 95 U.S. 714, 24 L.Ed. 565 (1878). Since the *Pennoyer* decision the court, in a continuing process of evolution, has accepted and then abandoned "consent," "doing business," and "presence" as the standards for measuring the extent of state judicial power over such persons and corporations. Generally, the states have kept pace with statutes based on these standards. Then in *International Shoe Co. v. Washington*, 326 U.S. 310, 90 L.Ed. 95, 66 S.Ct. 154 (1945), the court held that "due process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain *minimum contacts* with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " 326 U.S. at 316 (Emphasis added).

In North Carolina the "long arm" statute G.S. 1-75.1, et seq., provides for *in personam* jurisdiction by the courts of this State pursuant to G.S. 1A-1, Rule 4(j), Rules of Civil Procedure, where the nonresident party, individual or corporation, has specified contacts within the State. These "statutory provisions are a legislative attempt to assert *in personam* jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause of the United States Constitution." *Trust Co. v. McDaniel*, 18 N.C. App. 644, 197 S.E. 2d 556 (1973).

In the Trust Co. case, *supra*, plaintiff bank required that the officers of a local corporation endorse a note for the corporation to obtain a loan. Upon default in payment plaintiff bank brought suit on the endorsement of the officers, one of them residing in New Jersey and being served in that State. The court held that where the nonresident defendant promises to pay the debt of another, which debt is owed to North Carolina creditors, such promise is a contract to be performed in North Carolina and is sufficient minimal contact upon which this State may assert personal jurisdiction over the defendant under G.S. 1-75.4(5)(a).

But in the case before us the Additional Party Defendants executed in the State of Florida the promissory notes which

were payable to a limited partnership in that State. These notes were subsequently assigned by the Florida partnership to a North Carolina corporation, and this assignment was made without the prior knowledge or approval of the makers and was not subject to their control. Though the appealing Additional Party Defendants admitted making payments by mail from the State of Florida to the plaintiff Bank in this State such payments were not sufficient minimum contacts to subject them to *in personam* jurisdiction of the trial court in this State.

While the provisions of the North Carolina "long arm" statute are to be liberally construed in favor of finding personal jurisdiction, we cannot expand the permissible scope of state jurisdiction over nonresident parties beyond due process limitations. The mere mailing of a payment from outside the State by a nonresident to a party in this State under a contract made outside the State is not sufficient "contacts" within this State to sustain *in personam* jurisdiction in the forum State. See *Andrews Associates v. Sodibar Systems*, 28 N.C. App. 663, 222 S.E. 2d 922 (1976); Anno., 20 A.L.R. 3d 1201 (1968).

The order of the trial court is

Reversed and this cause remanded.

Judges VAUGHN and MARTIN concur.