First Charter National Bank v. Taylor

FIRST CHARTER NATIONAL BANK v. ROBERT R. TAYLOR

No. 8519DC720

(Filed 15 April 1986)

Process § 9.1— nonresident defendant in another state—insufficient minimum contacts—no personal jurisdiction

Defendant did not have sufficient minimum contacts with this State to allow the exercise of personal jurisdiction over him where the evidence tended to show that a check drawn on a joint investment account by defendant, payable through a Pennsylvania bank, was cashed by plaintiff in North Carolina and then accidentally shredded by plaintiff, and defendant refused to honor plaintiff's demand that the check be replaced.

APPEAL by defendant from *Horton, Judge.* Order entered 24 April 1985 in District Court, CABARRUS County. Heard in the Court of Appeals on 6 November 1985.

*Hartsell, Hartsell & Mills by Starkey Sharp V and Elizabeth C. Richardson for plaintiff appellee.*

*Latham and Wood by B. F. Wood and William A. Eagles for defendant appellant.*

COZORT, Judge.

This appeal involves a civil action in which plaintiff First Charter National Bank sued defendant alleging defendant was unjustly enriched because plaintiff accidentally shredded a check drawn on defendant's account with an investment firm payable through a Pennsylvania bank. Plaintiff allowed a third party to negotiate the check and gave the third party $1,800 in exchange for the check. After it shredded the check, plaintiff demanded defendant replace the $1,800. Defendant, a resident of Florida, refused. Plaintiff filed suit in the District Court of Cabarrus County. Defendant moved to dismiss under Rule 12(b) of the Rules of Civil Procedure, alleging a lack of jurisdiction over the person of the defendant. The trial court denied the motion, and defendant appealed. We reverse.

The sole question to be decided by this appeal is whether the trial court erred in denying the defendant's motion to dismiss for lack of personal jurisdiction. In its order, the trial court stated the following:

3. By drawing a personal check and delivering that personal check to the named Payee, said check being endorsed and eventually being honored by First Charter National Bank, a national bank with its principal office in Concord, North Carolina, the Defendant had sufficient contacts with the State of North Carolina through the Federal Reserve System for the Plaintiff to properly assert personal jurisdiction through N.C.G.S. 1-75.4.

4. The maintenance of this suit by the Plaintiff against the Defendant does not offend traditional notions of fair play and substantial justice.

The rules for determining whether our courts have personal jurisdiction over non-residents were stated clearly and concisely in *Ciba-Geigy Corp. v. Barnett*, 76 N.C. App. 605, 334 S.E. 2d 91 (1985):

(1) Did defendant's conduct bring him within the North Carolina "long-arm" jurisdictional statutes? and (2) If so, does the exercise of that jurisdiction satisfy constitutional standards of due process? . . .

### I

Our jurisdictional statutes are to be construed liberally in favor of finding personal jurisdiction. . . .

\* \* \* \*

### II

The second question involves a determination of whether defendant, by his conduct, has established sufficient "minimum contacts" with this state such that requiring him to defend here will not offend traditional notions of fair play and substantial justice. (Citation omitted.) The minimum contacts test is not mechanical . . . but requires consideration of the facts of each case. . . .

Minimum contacts do not arise *ipso facto* from actions of a defendant having an effect in the forum state. (Citation omitted.) There must be some act or acts by which the defendant purposely availed himself of the privilege of doing business there, (citation omitted) such that he or she should reasonably anticipate being haled into court there.

76 N.C. App. at 606-07, 334 S.E. 2d at 92-93.

Defendant contends on appeal that the second question should have been answered in the negative by the trial court. He argues there were not sufficient minimum contacts to require him to defend a lawsuit here without offending the traditional notions of fair play and substantial justice. He contends the trial court's Finding No. 3, quoted above, is not supported by the record, and contends further that, even if the finding were supported, it would not support the conclusion that sufficient minimum contacts exist. Plaintiff argues that, under the circumstances, it is fair and just to find personal jurisdiction. It contends that "the Defendant participated in the injection into the stream of interstate commerce a check drawn on his account. The Defendant knew, or should have known, that [the third party] might cash the check in a state other than Florida. . . . [T]he Defendant invoked the protection and benefits of the banking regulations of any state in which transactions involving the check occur. It was foreseeable that the check could be cashed in North Carolina." We reject the plaintiff's argument and hold that there were not sufficient minimum contacts to support a finding of personal jurisdiction.

We note, initially, that there was no evidence before the trial court that the defendant was the actual drawer of the check. In affidavits filed in the district court, defendant averred that the account was a joint account, and that he did not sign "any such check as mentioned in the . . . case." Even if the evidence showed defendant to be the drawer of the check, there still would not have been sufficient minimum contacts for personal jurisdiction. Defendant's affidavits stated that he had received no benefit from the transaction, that the transaction occurred in Florida, that defendant never resided in North Carolina, and that he was never in North Carolina for purposes of the transaction in question. Plaintiffs offered no evidence of any other contacts between defendant and the State of North Carolina. Thus, the only facts upon which the trial court could determine whether defendant was subject to personal jurisdiction in North Carolina were: (1) a check drawn on a joint investment account of the defendant, payable through a Pennsylvania bank, was cashed by plaintiff in North Carolina and then shredded by plaintiff; and (2) defendant refused to honor plaintiff's demand that the check be replaced.

Those facts simply do not meet the minimum contacts requirement. In *First National Bank of Shelby v. General Funding Corporation*, 30 N.C. App. 172, 226 S.E. 2d 527 (1976), our Court ruled there were not sufficient minimum contacts for personal jurisdiction where defendants, residents of Florida, executed promissory notes in Florida, payable to a limited partnership in that State. The notes were assigned to a North Carolina corporation, without the prior knowledge or approval of the makers. The makers made payments by mail to the Bank in North Carolina. In holding there was no personal jurisdiction, this Court said:

> While the provisions of the North Carolina "long arm" statute are to be liberally construed in favor of finding personal jurisdiction, we cannot expand the permissible scope of state jurisdiction over nonresident parties beyond due process limitations. The mere mailing of a payment from outside the State by a nonresident to a party in this State under a contract made outside the State is not sufficient "contacts" within this State to sustain *in personam* jurisdiction in the forum State. (Citations omitted.)

*Id.* at 176, 226 S.E. 2d at 530.

The order of the trial court is reversed and the cause remanded.

Judges ARNOLD and MARTIN concur.