PARK AVENUE PARTNERS, A NORTH CAROLINA PARTNERSHIP; JMT ASSOCIATES, A NORTH CAROLINA PARTNERSHIP; G. WARE TRAVELSTEAD; WILLIAM E. MAYER; AND FRANCIS P. JENKINS, JR. v. ROBERT E. JOHNSON, INDIVIDUALLY; R. E. JOHNSON ADVISORS, INC., A NEW YORK CORPORATION; RICHARD M. IMPERATORE, INDIVIDUALLY; AND RUBIN, QUINN & MOSS, A PENNSYLVANIA PARTNERSHIP

No. 8521SC1215

(Filed 6 May 1986)

Constitutional Law § 24.7— nonresident individual and partnership—drafting of North Carolina partnership agreement and supervision of closing within North Carolina—application of long arm statute constitutional

The participation of defendants in the drafting of a North Carolina partnership agreement and the supervision of the closing of a transaction by the partnership within the state of North Carolina was conduct in this state which invokes the protection of the law of this state to such an extent that traditional notions of fair play and substantial justice are not offended by requiring defendants to defend in this state an action growing out of the partnership. N.C.G.S. 1-75.4.

APPEAL by defendants Richard M. Imperatore and Rubin, Quinn & Moss, a Pennsylvania partnership, from *Morgan, Judge.* Order entered 23 June 1985 in Superior Court, FORSYTH County. Heard in the Court of Appeals 13 March 1986.

This is an action for fraud. The plaintiffs alleged that they entered into a partnership agreement with Robert E. Johnson for the purpose of purchasing an airplane. They alleged further that Robert E. Johnson defrauded them in the purchase of the airplane and that Richard M. Imperatore joined in the fraud against them. Richard M. Imperatore and Rubin, Quinn & Moss moved to dismiss the action as to them on the ground that the Superior Court of Forsyth County did not have in personam jurisdiction.

At a hearing on the defendants' motion to dismiss the plaintiff filed affidavits by G. Ware Travelstead and G. Emmett McCall which said that Mr. McCall, a member of the North Carolina bar, was counsel for Park Avenue Partners. In August 1982 a partnership was formed between Robert E. Johnson and the individual plaintiffs for the purchase of an airplane. Richard Imperatore, a member of the Pennsylvania bar, was retained to assist in preparing the partnership agreement and the papers for the purchase of the airplane. On 8 October 1982 Messrs. Johnson and Imperatore delivered the airplane to the Smith-Reynolds Airport in Winston-Salem. Mr. McCall signed a receipt for the airplane upon the advice of Mr. Imperatore. Mr. Travelstead did not review the documents in connection with the sale of the airplane because Mr. Imperatore advised Mr. Travelstead that he had reviewed the documents and they were in order.

The court found facts consistent with the affidavits filed by the plaintiffs and denied the motion to dismiss. The defendants Imperatore and Rubin, Quinn & Moss appealed.

*Petree, Stockton, Robinson, Vaughn, Glaze & Maready, by Daniel R. Taylor, Jr., for plaintiff appellees.*

*Bell, Davis & Pitt, P.A., by William Kearns Davis and Stephen M. Russell, for defendant appellants.*

WEBB, Judge.

The appellants assign error to the denial of their motion to dismiss on the ground that the superior court does not have personal jurisdiction over them. They concede that G.S. 1-75.4 confers jurisdiction on the superior court. They contend that this statute is unconstitutional as applied to them. If the contacts of a party with a state are sufficient so that the maintenance of a

lawsuit against that party does not violate "traditional notions of fair play and substantial justice," the long arm statute is not unconstitutional as applied. A relevant inquiry is whether the defendant engaged in some act or conduct by which he may be said to have invoked the benefits and protections of the law of the forum. *Dillon v. Funding Corp.*, 291 N.C. 674, 231 S.E. 2d 629 (1977).

We hold that the participation in the drafting of a North Carolina partnership agreement and the supervision of the closing of a transaction by the partnership within the state of North Carolina is conduct in this state which invokes the protection of the law of this state to such an extent that traditional notions of fair play and substantial justice are not offended by requiring the defendants to defend in this state an action growing out of the partnership. It was not error to deny the defendants' motion to dismiss.

We believe the holding of this case is consistent with *Marion v. Long*, 72 N.C. App. 585, 325 S.E. 2d 300, *appeal dismissed and disc. rev. denied*, 313 N.C. 604, 330 S.E. 2d 612 (1985); *Sola Basic Industries v. Electric Membership Corp.*, 70 N.C. App. 737, 321 S.E. 2d 28 (1984); *Globe, Inc. v. Spellman*, 45 N.C. App. 618, 263 S.E. 2d 859, *disc. rev. denied*, 300 N.C. 373, 267 S.E. 2d 677 (1980) and *Andrews Associates v. Sodibar Systems*, 28 N.C. App. 663, 222 S.E. 2d 922, *disc. rev. denied*, 289 N.C. 726, 224 S.E. 2d 676 (1976), upon which the appellants rely.

Affirmed.

Judges EAGLES and PARKER concur.