IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-518

Filed 1 April 2026

Wake County, No. 24CV002757-910

JASON BONOMO, Plaintiff,

v.

TALIA SHABAT, Defendant.

Appeal by Defendant from order entered 24 October 2024 by Judge Anna Worley in Wake County District Court. Heard in the Court of Appeals 11 February 2026.

*Marshall & Taylor, PLLC, by Travis R. Taylor, for Defendant-Appellant.*
*No brief filed for Plaintiff-Appellee.*

COLLINS, Judge.

Defendant appeals from the trial court's order denying her motion to dismiss Plaintiff's child custody complaint for lack of personal jurisdiction and lack of subject matter jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"). Because the trial court lacks subject matter jurisdiction under the UCCJEA, we reverse the order and remand with instructions to dismiss the complaint.

## I.   Background

Plaintiff Jason Bonomo filed a verified complaint against Defendant Talia Shabat on 24 January 2024 in Wake County district court to establish paternity and for child custody.   Plaintiff alleged the following facts relevant to the court's jurisdiction:  Plaintiff and Defendant were never married but were in a relationship that resulted in the birth of a minor child in November 2023.  Plaintiff has been a citizen and resident of Wake County for more than six months immediately preceding the filing of this action.  Defendant is a United States citizen currently employed by the United States Department of State and working in London, the United Kingdom. Defendant and the minor child have resided in the United Kingdom since the child's birth.  "Defendant, on information and belief, is traveling via a diplomatic visa." "Defendant has stated that she will claim 'diplomatic immunity' and resist any efforts by Plaintiff to pursue a claim for custody in the United Kingdom."

Defendant's last known address in the United States was in Maryland but, "upon information and belief, Defendant sold her real estate and moved her personal belongings into storage upon moving overseas" and "to Plaintiff's knowledge, Defendant has no fixed residence in the United States[.]"  Defendant knows of no custody proceedings concerning the minor child pending in any court, and Plaintiff believes this court can assume jurisdiction pursuant to N.C. Gen. Stat. § 50A-201(a)(4).  A summons was issued the same day.

A first alias and pluries summons was issued on 14 May 2024, and a second was issued on 25 June 2024. The trial court twice continued Plaintiff's temporary custody hearing, each time noting "no service in the file." Plaintiff attempted service using two different addresses. The original and first alias summonses listed "C/O The Executive Office, Office of Legal Advisor[,] Suite 5.600, 600 19th Street NW, Washington, DC 20522" as Defendant's address. The record does not contain an affidavit, return of service, or other evidence that any documents sent to that address were received by Defendant or any person authorized to accept service on her behalf. The second alias and pluries summons listed "Unit 9700 Box 1631[,] DPO[,] AE 09830" as Defendant's address.

Defendant filed a motion to dismiss on 21 August 2024, asserting lack of personal jurisdiction, insufficient service of process, and lack of subject matter jurisdiction under the UCCJEA.

Plaintiff filed an Affidavit of Service on 27 August 2024, averring that the summonses and complaint were mailed by certified mail to the DPO address. The affidavit attached a USPS tracking summary stating only that an item "arrived at DPO, AE 09380 on July 2, 2024" and was "[a]vailable for [p]ickup." The tracking information did not identify Defendant as the addressee, did not reflect delivery to her, and did not include a signature or return receipt.

After a hearing on Defendant's motion to dismiss, where no evidence was introduced, the trial court denied the motion by order entered 24 October 2024. The

trial court concluded that Plaintiff had properly served Defendant through the Executive Office of the Legal Adviser pursuant to 22 C.F.R. § 172.2, and that service had also been accomplished by certified mail to the DPO address. The trial court further concluded that North Carolina has jurisdiction to make an initial custody determination under N.C. Gen. Stat. § 50A-201(a)(2).

Defendant timely appealed. The trial court entered an order staying all proceedings pending appeal.

## II. Discussion

### A. Appellate Jurisdiction

We first address our jurisdiction to hear this appeal. The trial court's denial of Defendant's motion to dismiss is an interlocutory order, and interlocutory orders are ordinarily not immediately appealable. *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 725 (1990). However, our general statutes authorize immediate appeal from an adverse ruling as to personal jurisdiction, N.C. Gen. Stat. § 1-277(b) (2025), when the trial court's ruling concerns minimum contacts, *Love v. Moore*, 305 N.C. 575, 581 (1982). That statute does not authorize immediate appeal of personal jurisdiction rulings concerning sufficiency of service of process or statutory compliance with Rule 4. *Id.*

Additionally, an interlocutory order denying a motion to dismiss for lack of subject matter jurisdiction is ordinarily not immediately appealable. *Church v. Carter*, 94 N.C. App. 286, 288 (1989). However, because subject matter jurisdiction

is a prerequisite to personal jurisdiction, our Court has immediately reviewed a challenge to subject matter jurisdiction where there is an accompanying challenge to personal jurisdiction. *Id.* (holding that when a defendant challenges both subject matter jurisdiction and personal jurisdiction, the trial court was required to decide the issue the defendant had raised concerning subject matter jurisdiction).

Here, Defendant's motion to dismiss challenged minimum contacts, and the trial court concluded that Defendant had sufficient contacts with North Carolina to establish personal jurisdiction. We have jurisdiction over Defendant's immediate appeal of that ruling and thus over Defendant's appeal of the denial of her motion to dismiss based on lack of subject matter jurisdiction. We do not have jurisdiction over Defendant's appeal from the trial court's ruling on sufficiency of service. Nonetheless, because subject matter jurisdiction is dispositive here, we address only that issue.

## B. Subject Matter Jurisdiction Under the UCCJEA

Defendant argues that the trial court erred by denying her motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction under the UCCJEA.

### 1. *Standard of Review*

Whether a trial court has subject matter jurisdiction under the UCCJEA is a question of law reviewed de novo. *In re J.H.*, 244 N.C. App. 255, 260 (2015). "Because this appeal stems from a trial court's order granting a motion to dismiss under Rule 12(b)(1), we apply de novo review, accepting the allegations in the complaint as true

and viewing them in the light most favorable to the non-moving party." *Corwin v. British Am. Tobacco PLC*, 371 N.C. 605, 611 (2018).

The trial court "need not confine its evaluation of a Rule 12(b)(1) motion to the face of the pleadings, but may review or accept any evidence, such as affidavits, or it may hold an evidentiary hearing." *Bassiri v. Pilling*, 287 N.C. App. 538, 543 (2023) (citation omitted). "A verified complaint may be treated as an affidavit if . . . made on personal knowledge[.]" *Page v. Sloan*, 281 N.C. 697, 705 (1972). Factual allegations in motions and briefs and the arguments of counsel, however, are not evidence. *See Crews v. Paysour*, 261 N.C. App. 557, 561 (2018).

Here, the only evidence before the trial court was Plaintiff's verified complaint. The factual allegations in Defendant's motion to dismiss, appellate brief, and the arguments of counsel at the non-evidentiary hearing on Defendant's motion dismiss are not evidence. We thus review the trial court's order denying Defendant's motion to dismiss de novo, accepting the allegations in Plaintiff's complaint as true and viewing them in the light most favorable to Plaintiff.

## 2. *The UCCJEA*

"The UCCJEA provides a uniform set of jurisdictional rules and guidelines for the national and international enforcement of child-custody orders." *Hamdan v. Freitekh*, 271 N.C. App. 383, 386 (2020). It aims "to prevent parents from forum shopping their child-custody disputes and assure that these disputes are litigated in the state with which the child and the child's family have the closest connection." *Id.*

(cleaned up). "The provisions of the UCCJEA apply internationally, as well as between states." *Id.* at 388. North Carolina courts "treat a foreign country as if it were a state of the United States for the purpose of applying" the UCCJEA's general and jurisdictional provisions, unless the foreign country's child-custody law "violates fundamental principles of human rights." N.C. Gen. Stat. § 50A-105(a), (c) (2025).

N.C. Gen. Stat. § 50A-201(a) provides "the exclusive jurisdictional basis" for a North Carolina court making an initial child-custody determination. *Id.* § 50A-201(b) (2025). Under section 50A-201(a), a North Carolina court has jurisdiction to make an initial child-custody determination only when the requirements of at least one of the four subsections are met. We address subsections (a)(1) through (a)(4) in turn.

*a. Home-State Jurisdiction — § 50A-201(a)(1)*

A North Carolina court has jurisdiction to make an initial child-custody determination if North Carolina "is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding," and the child is absent but a parent remains here. *Id.* § 50A-201(a)(1). For a child under six months old, the "home state" is "the state in which the child lived from birth" with a parent. *Id.* § 50A-102(7) (2025).

The child was born in London in November 2023. On the date of the commencement of this proceeding, Defendant and the child had lived in London for the two months since the child's birth. Because North Carolina courts treat the

United Kingdom as a state for the purpose of applying the UCCJEA's jurisdictional provisions, and there has been no allegation that the United Kingdom's child-custody law "violates fundamental principles of human rights[,]" *id.* § 50A-105(c), the United Kingdom is the child's home state, and North Carolina lacks home-state jurisdiction under subsection 50A-201(a)(1).

   *b.  Significant-Connection Jurisdiction — § 50A-201(a)(2)*

   A North Carolina court has jurisdiction to make an initial custody determination if no home state exists under subsection (a)(1) or a court of the child's home state has "declined to exercise jurisdiction," and the child and at least one parent have a "significant connection" with North Carolina beyond "mere physical presence[,]" and substantial evidence "concerning the child's care, protection, training, and relationships" is available in North Carolina. *Id.* § 50A-201(a)(2).

   Here, the United Kingdom is the child's home state under subsection (a)(1), and there is no evidence that the United Kingdon declined to exercise jurisdiction. Furthermore, Defendant and the child have significant ties to the United Kingdom: Defendant lives and works there, the child has lived there from birth, and all evidence of the child's "care, protection, training, and relationships" is located there. *See id.* In contrast, there is no evidence the child has ever been in North Carolina, and no evidence concerning the child is located in North Carolina. The trial court's "conclusion" that "presumably substantial evidence is available in this State about the Plaintiff's ability to house, find North Carolina pediatricians, schools, etc. while

the child is in his care" is not supported by the evidence and is ineffective as a matter of law.

Accordingly, even if the United Kingdom were not the home state under subsection (a)(1), the United Kingdom–not North Carolina–satisfies significant-connection jurisdiction under subsection 50A-201(a)(2). The trial court thus erred in concluding that it has jurisdiction to make an initial custody determination under subsection 50A-201(a)(2).

c. *Jurisdiction Based on Declination — § 50A-201(a)(3)*

A North Carolina court has jurisdiction to make an initial custody determination if all courts having jurisdiction under subsections (a)(1) and (a)(2) "have declined to exercise jurisdiction on the ground that" a North Carolina court "is the more appropriate forum to determine the custody of the child . . . ." *Id.* § 50A-201(a)(3).

The United Kingdom has home-state jurisdiction under subsection (a)(1) and, in the alternative, significant-connection jurisdiction under (a)(2). There is no evidence that Plaintiff brought suit in the United Kingdom and that the United Kingdom declined to exercise jurisdiction for any reason. Thus, North Carolina cannot exercise jurisdiction under subsection 50A-201(a)(3).

d. *Jurisdiction by Necessity — § 50A-201(a)(4)*

A North Carolina court has jurisdiction to make an initial custody determination if "[n]o court of any other state would have jurisdiction under the

criteria specified in subdivision (1), (2), or (3)." *Id.* § 50A-201(a)(4). The United Kingdom has home-state jurisdiction under subsection (a)(1) and, in the alternative, significant-connection jurisdiction under subsection (a)(2).

Plaintiff alleged in his complaint that "Defendant, on information and belief, is traveling via a diplomatic visa" and "has stated that she will claim 'diplomatic immunity' and resist any efforts by Plaintiff to pursue a claim for custody in the United Kingdom[.]" The allegation regarding a diplomatic visa is not "made on personal knowledge" and cannot support a finding of fact. *Page*, 281 N.C. at 705. Further, the allegation that Defendant "has stated that she will claim 'diplomatic immunity'" is insufficient to support a finding that Defendant has diplomatic immunity such that the United Kingdom could not exercise jurisdiction over an initial custody determination.

For these reasons, North Carolina cannot exercise jurisdiction by necessity under subsection (a)(4).

## III. Conclusion

Because the United Kingdom is the child's home state and the only state with significant-connection jurisdiction, and Plaintiff's complaint did not state facts that would support a finding that Defendant has diplomatic immunity from the United Kingdom's civil jurisdiction, North Carolina lacks subject matter jurisdiction over this case under N.C. Gen. Stat. § 50A-201(a). We need not address Plaintiff's arguments concerning personal jurisdiction.

The trial court's order denying Defendant's motion to dismiss is reversed, and the matter is remanded with instructions to dismiss the complaint for lack of subject matter jurisdiction.

REVERSED AND REMANDED.

Judges WOOD and STADING concur.